IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM H. CAMPBELL, JR.,            )
                                     )
    Plaintiff, *pro se*,             )
                                     )
    v.                             )    Civil Action No. 3:12cv69-DJN
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of Social Security,     )
                                     )
    Defendant.                     )
_____)

## MEMORANDUM OPINION

Plaintiff William H. Campbell, Jr., *pro se*, seeks judicial review of the Social Security Administration's initial determination[1] that he had received an overpayment of $18,222 and is no longer eligible for Supplemental Security Income payments ("SSI").[2] (Complaint at 1.) Plaintiff's stated basis for jurisdiction is "that the Federal court is the appropriate court to hear [the] complaint because it is higher than the state court." (*Id.*) Defendant has moved to dismiss the case for lack of subject matter jurisdiction, arguing that Plaintiff has not exhausted his administrative remedies such that no "final decision" of the Commissioner is available for review by this Court.

---

[1] Initial and reconsideration reviews in Virginia are performed by an agency of the state government — the Disability Determination Services ("DDS"), a division of the Virginia Department of Rehabilitative Services — under arrangement with the SSA. 20 C.F.R. pt. 404, subpt. Q; *see also* § 404.1503. Hearings before ALJs and subsequent proceedings are conducted by personnel of the federal SSA. From the pleadings here, it appears that this matter never proceeded beyond the initial review by DDS.

[2] On May 29, 2012, the Plaintiff's spouse contacted the Court to provide notice of Plaintiff's untimely death. (ECF No. 20.) Although the Court would usually entertain a motion for substitution of the deceased party under these circumstances, substitution would be futile in this circumstance. It is clear that the Court lacks subject matter jurisdiction. Accordingly, any decisions of the Court are void, including any order substituting Plaintiff. *Everhardt v. Integrated Design & Const., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999) (citations and internal quotation marks omitted) (a court's decision "is void . . . if the court that rendered it lacked jurisdiction of the subject matter").

This matter is now before the Court by consent of the parties pursuant to 28 U.S.C. § 636(c)(1) on Defendant's Motion to Dismiss (ECF No. 14) and Plaintiff's two Motions to Appoint Counsel (ECF Nos. 16, 19). The Court dispenses with oral argument, finding the written submissions adequate and that oral argument will not materially aid the decisional process. For the reasons set forth herein, the Court GRANTS Defendant's Motion to Dismiss and DISMISSES the matter for lack of subject matter jurisdiction. Plaintiff's Motions to Appoint Counsel (ECF Nos. 16, 19) are DENIED as moot.

## I. BACKGROUND

The Court assumes that all allegations in the Complaint are true, as it is required to do since Defendant challenges the basis for jurisdiction on the pleadings. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) ("the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction") (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). Moreover, because Plaintiff proceeds *pro se*, the pleadings must be "liberally construed" in his favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976)).

Given the brevity of the Complaint and the deference to be afforded *pro se* pleadings, it is appropriate to set forth the majority of the allegations herein. The Complaint states in relevant part:

> I think that the Federal court is the appropriate court to hear my complaint because it is higher than the state court.
>
> The Social Security Administration asked for a meeting with me because they said I had not updated information and reported that I had gotten remarried, nor reported any additional income that my wife makes. After the meeting on November 31, 2011, they informed me that my wife makes too much money, and I do not qualify for any SSI benefits as of Jan. 2012. They stated in the letter that was written to me that I had to pay them the amount of $18,222.00 back because I was not eligible for benefits between November 2009-December 2011. I visited the Social Security Administration at Southpoint Pkwy in Fredericksburg on Jan. 4, 2012 to discuss the letter that they sent me and I was very angry that they cut my check off, and I was loud. The Security Guard pulled out his baton and told me to get out of the building now or he was going to arrest me and assault me with the baton . . . and I walked out

the door. I received 2 registered letters that I was not allowed to enter any Social Security Office for any reason.

I would like the Federal Court to Order the Social Security Administration to start sending my check and pay me the additional amount of $18,222.00 that they say I owe them.

(Complaint at 1.)

## II. STANDARD OF REVIEW

Because it determines "the court's very power to hear the case," a court should address doubts concerning its subject matter jurisdiction before ruling on any other aspect of the case. *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999). When a defendant contends that the complaint fails to allege facts upon which subject matter jurisdiction can be based, all facts in the complaint are presumed true. *Kerns*, 585 F.3d at 192 (citation omitted); *see also King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780-81 (E.D. Va. 2002). Regardless of any deference owed to the pleadings, the plaintiff bears the burden of ultimately proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

## III. DISCUSSION

This Court's jurisdiction to review the Commissioner's decisions arises out of 42 U.S.C. § 405(g), which permits such review only "after any *final decision* of the Commissioner made *after a hearing*." (Emphasis added). Although the term "final decision" is not defined in the Act, "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Applicable regulations require a claimant to follow a four-step administrative process before they have a judicially reviewable "final decision" in hand. 20 C.F.R. §§ 404.900(a), 416.1400(a). These steps are: (1) initial determination; (2) reconsideration; (3) hearing before an Administrative Law Judge ("ALJ"); and, (4) Appeals Council review. 20 C.F.R. § 404.900(a)(1)-(4). Only after a claimant completes those steps "will [the Commissioner] have made [a] final

3

decision" subject to judicial review. 20 C.F.R. § 404.900(a)(5). Exhaustion of this administrative

process is a prerequisite to a court's exercise of jurisdiction under 42 U.S.C. § 405(g). *Heckler v.*

*Ringer*, 466 U.S. 602, 617 (1984) (noting that "the exhaustion requirement [] is a prerequisite to

jurisdiction"); *see also McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992) (superseded on other

grounds) (noting that parties must exhaust prescribed administrative remedies before seeking relief

from federal courts).

Here, the sole jurisdictional allegation in the Complaint is that "the Federal court is the

appropriate court to hear my complaint because it is higher than the state court." (Compl. at 1.)

This statement provides no information as to the extent of administrative remedies sought.  Indeed,

the Complaint tends to show that the only decision made was an "initial determination" made by

Virginia's DDS, which is at Step One of the four-step administrative process.  20 C.F.R. §

404.900(a)(1).  The allegation is that Plaintiff received a letter cancelling his benefits, which

prompted him to meet with the SSA at its field office in Fredericksburg, Virginia.  (Compl. at 1.)

Without more, the Court can conclude only that an initial determination was made and that Plaintiff

had several more steps before he would have exhausted his administrative remedies.  Until such

time, Plaintiff does not have a "final decision" subject to this Court's review.  42 U.S.C. § 405(g).

## IV. CONCLUSION

For the reasons set forth herein, the Court GRANTS Defendant's Motion to Dismiss (ECF

No. 14) and DISMISSES Plaintiff's Complaint for lack of subject matter jurisdiction.  Of course,

the dismissal is without prejudice — should Plaintiff's estate exhaust the administrative remedies,

this decision is no bar to subsequent judicial review.  *See Patterson v. State Bureau of Investigation*,

92 Fed. App'x 38, 39 (4th Cir. 2004) ("If this Court concludes that the district court lacked subject

matter jurisdiction, the case must be dismissed without prejudice") (citing *Interstate Petroleum*

*Corp. v. Morgan*, 249 F.3d 215, 219, 222 (4th Cir. 2001) (*en banc*)).  The Court also DENIES as

moot Plaintiff's Motions to Appoint Counsel (ECF Nos. 16, 19).

/s/

David J. Novak
United States Magistrate Judge

Richmond, Virginia
Date: June 21, 2012

5